**TRUSTEES OF THE LOCAL UNION NO. 17 SHEET METAL WORKERS' APPRENTICESHIP FUND and Local Union No. 17 of the Sheet Metal Workers' International Association, Plaintiffs,**

v.

**MAY ENGINEERING COMPANY, INC., Defendant.**

**C.A. No. 96–189L.**

United States District Court, D. Rhode Island.

Jan. 22, 1997.

Robert D. Goldberg, Goldberg, Goldberg & Goldberg, Pawtucket, RI, for Plaintiff(s).

John W. Dineen, Yesser Glasson & Dineen, Providence, RI, for Defendant.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This is a suit to recover delinquent employer contributions to employee benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA"). The plaintiffs, Local Union No. 17 of the Sheet Metal Workers' International Association ("Local 17") and the trustees of an employee benefit fund maintained by Local 17, seek to collect unpaid contributions due and owing to the fund pursuant to a collective bargaining agreement between Local 17 and May Engineering Company ("May Engineering"). The matter is presently before the Court on plaintiffs' objection to Magistrate Judge Timothy M. Boudewyns' conditional recommendation that the action be dismissed on statute of limitations grounds.[1] For the reasons that follow, the Court concludes that the action is not time-barred. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

## I. Background

The facts essential to the resolution of this motion are not in dispute. May Engineering and Local 17 are signatories to a collective bargaining agreement which requires May Engineering to make periodic contributions to a number of employee benefit plans maintained by Local 17. In early 1992, plaintiffs conducted an audit of May Engineering's payroll records and determined that the company had failed to make certain contributions allegedly due to the apprenticeship fund for hours worked by union members during 1990 and 1991. The fund administrator set forth this deficiency in a letter to May Engineering, dated April 13, 1992. The contributions allegedly due to the fund remain unpaid.

On April 1, 1996, plaintiffs filed the present action to recover the delinquent contributions pursuant to ERISA, 29 U.S.C. §§ 1132, 1145.[2] Asserting that the action is barred by the statute of limitations, May Engineering filed this motion to dismiss pursuant to Rule 12(b)(6). Specifically, May Engineering contends that a limitations period found in the Rhode Island Payment of Wages statute, R.I.Gen.Laws § 28–14–1 et seq., should govern this case, and that plaintiffs' action is time-barred under either the one-year or three-year limitations period provided therein. Plaintiffs counter that the time bars set forth in the wage payment statute are inapplicable to the present action, arguing that the ten-year limitations period for contract actions in general should be applied instead.

The Court referred the matter to Magistrate Judge Boudewyns for preliminary review and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). In a Report and Recommendation dated August 2, 1996, Judge Boudewyns conditionally recommended that the Court grant defendant's motion to dismiss, if this Court determined that the Rhode Island wage payment statute

---

1. Judge Boudewyns recommended that "defendant's motion to dismiss be granted if this Court concludes that the most applicable statute of limitations period is the one found in the Rhode Island Payment of Wages Statute [R.I.Gen.Laws § 28–14–1 et seq.]."

2. Plaintiffs also seek liquidated damages, attorneys' fees and costs, and any other legal and/or equitable relief the Court deems appropriate.

was applicable to this cause of action.[3] Plaintiffs filed a timely objection to this recommendation, and after hearing arguments of counsel, the Court took the matter under advisement. The motion to dismiss is now in order for decision.

## II. Applicable Standards of Review

This Court conducts a *de novo* review of the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b). In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiffs, taking all well-pleaded allegations as true and giving plaintiffs the benefit of all reasonable inferences. *See Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1098, 130 L.Ed.2d 1066 (1995). Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also* 5A Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (2d ed.1990).

## III. Discussion

This is an action pursuant to 29 U.S.C. § 1132, the civil enforcement provision of ERISA. Specifically, plaintiffs have brought this suit to enforce § 1145 of ERISA, which imposes an obligation upon employers to contribute to employee benefit plans in accordance with any contractual obligations they might have:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accor-

dance with the terms and conditions of such plan or such agreement.
29 U.S.C. § 1145.

Although § 1132 creates a cause of action to enforce the requirements of § 1145, this section is silent as to the statute of limitations governing such an action to recover delinquent employer contributions. In such a case, courts are advised to "apply the most closely analogous statute of limitations under state law," *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), so long as "it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985). This task of borrowing the appropriate state limitations period calls for the application of the "resemblance test," whereby the court (1) examines the nature of the federal cause of action involved; (2) determines the most closely analogous state cause of action; and, (3) adopts the limitations period for this state action so long as federal law or policy is not offended. *See Teamsters Local 251, Health Servs. and Ins. Fund v. Teamsters, Chauffeurs, Warehousemen and Helpers Local 251,* 689 F.Supp. 48, 50 (D.R.I.1988).

Applying the resemblance test in *Teamsters Local 251,* this Court determined that the Rhode Island statute of limitations applicable to breach of contract claims, R.I.Gen.Laws § 9–1–13(a),[4] was the appropriate statute of limitations to adopt for actions to recover delinquent employer contributions under ERISA. *Id.* at 50–51. In doing so, the Court noted that

> Rhode Island law does not provide a cause of action directly parallel to the federal right asserted in this case. For example, there is no Rhode Island cause of action analogous to the Pennsylvania Wage Payment and Collection Law relied on in *Teamsters Pension Trust Fund v. John*

---

**3.** In a related case, Magistrate Judge Robert W. Lovegreen reached the opposite result, concluding that the ten-year statute of limitations for contract actions governed a claim for delinquent contributions under ERISA. *See Trustees of the Local Union No. 17 Sheet Metal Workers' Ins. Fund v. May Eng'g Co.,* C.A. No. 95–624T (D.R.I. Aug. 19, 1996).

**4.** "Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." R.I.Gen.Laws § 9–1–13(a).

*Tinney Delivery Service, Inc.,* 732 F.2d 319 (3rd Cir.1984).

*Teamsters Local 251,* 689 F.Supp. at 50. Therefore, this Court joined the overwhelming majority of courts that have chosen to apply the state limitations period for contract actions to ERISA actions seeking recovery of delinquent employer contributions.[5]

With this motion, May Engineering essentially asks the Court to reconsider the relevant portions of its *Teamsters Local 251* decision. In particular, May Engineering contends—contrary to the Court's prior analysis—that there is a state cause of action analogous to the cited Pennsylvania statute: the Rhode Island Payment of Wages Statute, R.I.Gen.Laws § 28–14–1 *et seq.* May Engineering thus argues that under the resemblance test, either the one-year (§ 28–14–18.1) or three-year (§ 28–14–20) statute of limitations found in the Rhode Island Payment of Wages statute should operate to bar the instant action. However, this argument misses the mark on a number of grounds, and thus fails to upset the conclusions reached in *Teamsters Local 251.*

As an initial matter, the emphasis on the similarities in the Pennsylvania and Rhode Island wage payment laws is misplaced. Fundamentally, May Engineering is making the wrong comparison, as the key under the resemblance test is whether the asserted federal cause of action is mirrored by a state cause of action. Instead of drawing a direct comparison between the Rhode Island cause of action and the ERISA claim, May Engineering has instead taken the more indirect

and somewhat circuitous approach of comparing the state statutes, leaving the Court to draw the necessary connection between the Rhode Island and federal causes of action by inference and analogy. May Engineering might have been better served by focusing more on how a claim under the Rhode Island wage payment law in some ways parallels an ERISA claim, instead of comparing the Pennsylvania and Rhode Island laws.

That being said, the Court notes that the similarities between the Rhode Island and Pennsylvania statutes are weak at best. Under the Pennsylvania statute, the definition of "wages" includes all "fringe benefits or wage supplements," which expressly include "all monetary employer payments to provide benefits under any employe benefit plan, as defined in [ERISA]." 43 P.S. § 260.2a.[6] In contrast, the Rhode Island statute simply defines wages as "all amounts at which the labor or service rendered is recompensed," without any reference to ERISA plan contributions. R.I.Gen.Laws § 28–14–1(4). Moreover, while the Pennsylvania statute clearly contemplates that an ERISA plan or plan trustee could institute an action under that statute,[7] the cause of action created by the Rhode Island law can be maintained only "by a *person* who is required to be paid wages for his or her labor ... or by the lawful collecting bargaining representative of the *person*"—not by a fund or a trustee of a fund. R.I.Gen.Laws 28–14–20(b) (emphasis added). Therefore, even assuming the Pennsylvania statute is sufficiently analogous to the ERISA claim advanced here and in *Tinney,*[8] that does little to inform the analysis

---

5. The cited Third Circuit *Tinney* decision is the clear outlier. As the Third Circuit itself noted in *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 n. 3 (3d Cir.1990), every other circuit court to have considered the issue has adopted a state's general contract limitations period for actions to recover delinquent contributions under ERISA. *See, e.g., Trustees of the Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co.,* 850 F.2d 613, 620–21 (10th Cir.1988); *Robbins v. Iowa Road Builders Co.,* 828 F.2d 1348, 1353–55 (8th Cir.1987), *cert. denied,* 487 U.S. 1234, 1240, 108 S.Ct. 2899, 2914, 101 L.Ed.2d 933, 945 (1988); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.,* 823 F.2d 289, 297–98 (9th Cir.1987).

6. The curious spelling of "employe" is not a typo. On the contrary, it appears that the Pennsylvania

legislature still adheres to the olde english spelling of that word. The Court applauds Pennsylvania's continued recognition of our rich common-law heritage.

7. Section 260.9a(a) of the Pennsylvania statute provides that "[a]ny employe or group of employes, labor organization or party to whom any type of wages is payable may institute actions provided under this act."

8. The Court notes that Judge Scirica of the Third Circuit has suggested that his circuit may wish to reconsider its analysis concerning the Pennsylvania statute at issue in *Tinney,* in light of the decisions of other circuits, subsequent Supreme Court opinions, and policy considerations. *See Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 n. 3 (3d Cir.1990).

the Court must undertake in this case: whether any cause of action provided by Rhode Island's wage payment law sufficiently mirrors an ERISA action to recover delinquent employer contributions.

The Court will now address that question directly. Contrary to May Engineering's assertions, § 28–14–10 does not provide a cause of action to recover delinquent ERISA-plan contributions.[9] That section provides, in relevant part:

> **Wage deductions unaffected.**—None of the sections of this chapter shall be applicable to, control, or prohibit the deduction from wages of an employee by an employer ... provided, however, that the amount deducted from the wages of the employee ... is to be paid to pension, welfare, vacation, or annuity plans or an insurance plan for accident, health, disability, or life coverage or similar plans, complete provisions for which are contained in a collective bargaining agreement....

R.I.Gen.Laws § 28–14–10. This section simply qualifies the employer's statutory obligation to pay wages by allowing the employer to make wage deductions for pension payments as set forth in a collective bargaining agreement. This section says nothing about what an employee or union can do if an employer fails to meet his obligations under a collective bargaining agreement.

None of the other sections cited by May Engineering provides a cause of action analogous to the claim advanced by plaintiffs here. For instance, under § 28–14–20(b) an employee can file a claim for wages due with the director of the department of labor.[10] However, as noted above, this action for unpaid wages does not provide a vehicle for recovery of unpaid contributions to pension funds, only for payment of compensation due *to the employee*. Similarly, under the plain language of the statute, a wages due action can only be brought by or on behalf of the employee, not on behalf of a pension fund or a union. In short, an action by an employee to recover wages is fundamentally different from an action by a pension plan to recover unpaid contributions, from both a practical and policy standpoint. *See Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1354–55 (8th Cir.1987), *cert. denied,* 487 U.S. 1234, 1240, 108 S.Ct. 2899, 2914, 101 L.Ed.2d 933, 945 (1988); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.,* 823 F.2d 289, 297–98 (9th Cir.1987) (discussing contrasts between the two claims).[11] In light of these differences, the Court cannot conclude that the two causes of action are analogous for purposes of adopting a limitations period.

A second section advanced by May Engineering also fails to present an analogous cause of action. While § 28–14–18.1(a) broadly states that "[a] person who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief or actual damages or both," a closer reading of the entire section clearly limits the scope of this remedy. Read in its proper context, the cause of action provided by § 28–14–18.1(a) is available only for violations of the whistleblowing protection set forth in the immedi-

---

9. Nor could the Rhode Island legislature create such a cause of action to recover delinquent ERISA contributions, in light of the broad sweep of ERISA's preemption provision, 29 U.S.C. § 1144, and the expansive reading the First Circuit has given to this provision. *See Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 591 (1st Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 51, 133 L.Ed.2d 16 (1995).

10. **Filing of claims with director.**—(a) All claims for wages due must be filed with the director within three (3) years from time of services rendered by an employee to his or her employer.
(b) A claim may be filed by a person who is required to be paid wages for his or her labor; or if a minor, by his or her parent or guardian; or by the lawful collective bargaining representative of the person.

R.I.Gen.Laws § 28–14–20.

11. As these courts have noted, not only are there practical contrasts in the actor seeking recovery (an employee versus a fund) and the type of recovery sought (wages versus pension contributions), but the policies are also different. For instance, an employee will know that wages are due almost immediately, while a pension plan may require some time to conduct audits before making this discovery. Moreover, while the wage payment statute protects the employee, pension recovery actions directly benefit the federal government as well, the ultimate guarantor (through the Pension Benefit Guarantee Corporation) of pension trust funds. *See Robbins,* 828 F.2d at 1354; *Hawaii Carpenters,* 823 F.2d at 298.

ately preceding and following sections.[12] Indeed, part (d) of this same subsection, which premises recovery on a showing that an employee "was about to report ... a violation which the employee knew or reasonably believed had occurred or was about to occur," clearly indicates that § 28–14–18.1 was intended to apply to violations of the whistleblowing protection afforded by § 28–14–18, and not to wage payment violations in general.

In his Report and Recommendation, Magistrate Judge Boudewyns suggested that § 28–14–3.1 of the statute might provide a cause of action analogous to the ERISA claim advanced by plaintiffs here. That section reads, in relevant part, as follows:

> **Payroll deductions.**—(a) ... whenever any employer shall provide for a payroll deduction for any purpose, the employer shall transfer those funds deducted to the appropriate person, agency, partnership, or corporation entitled to the money deducted within twenty-one (21) days....
>
> (b) Any employer who violates the provisions of this section shall be liable to an employee in a civil action brought by the employee for any loss sustained by the employee as a result of a violation.

R.I.Gen.Laws § 28–14–3.1. Even assuming *arguendo* that this section provides an analogous cause of action, the Court is nonetheless of the view that the general breach of contract limitations period would apply, as none of the specific statutes of limitations found in other sections of the wage payment law are applicable to an action brought pursuant to § 28–14–3.1. First, as noted above, the one-year limitations period of § 28–14–18.1 applies only to whistleblowing claims. Similarly, the three-year period provided in § 28–14–20(a) does not apply to an action brought under § 28–14–3.1, since a claim for wages due would not include recovery of damages stemming from an improper transfer of payroll deductions—the type of relief provided by § 28–14–3.1. Because no statute of limitations is "specially provided" for an action under § 28–14–3.1, the general ten-year statute of limitations of § 9–1–13(a) would govern a claim brought pursuant to this section.

There is another cause of action under Rhode Island law, however—outside of the wage payment statute—that the Court believes more closely mirrors the ERISA claim advanced by plaintiffs. Recall that under the resemblance test, the Court first considers the nature of the federal cause of action at issue; in this case, a claim to enforce § 1145 of ERISA. As the First Circuit has observed, § 1145 does not create an independent obligation to contribute to an employee benefit fund—it simply imposes a federal statutory duty to honor a prior contractual obligation to make contributions to such a fund. *See Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.,* 845 F.2d 23, 25–26 (1st Cir.1988). Viewed in the proper light, an ERISA suit to recover delinquent employer contributions is thus no more than a suit to enforce an employer's duties under a collective bargaining agreement; in essence, a breach of contract action.[13]

The Court suggests that R.I.Gen.Laws § 28–8–1, which authorizes a labor organization to sue an employer to enforce the terms of a collective bargaining agreement, presents the most analogous cause of action under Rhode Island law:

> **Capacity to sue on behalf of employees for contract violations.**—Suits or actions at law for the violation by an employer of contracts of employment between the employer and his or her employees who are represented by a labor union as their legally constituted bargaining agent, and whose rights and duties as employees are set

---

**12.** Section 28–14–18 sets forth an employee's protection from retaliatory discharges and discrimination, while § 28–14–18.2 provides the reinstatement remedy for retaliatory discharges.

**13.** The Court could conclude its analysis at this point, in light of the First Circuit's observations in a related borrowing context: "If a claim represents, in essence, purely a breach of contract action against the employer, the proper limitations period is ... that provided by state law for breach of contract actions." *Cabarga Cruz v. Fundacion Educativa Ana G. Mendez, Inc.,* 822 F.2d 188, 191 (1st Cir.1987). However, for the sake of completeness, the Court will proceed to set forth a particular type of breach of contract action available under state law.

forth in a collective bargaining agreement between the employer and labor union, as the legal representative of the employees, may be brought in the name of the union for the benefit of the employees. . . .

R.I.Gen.Laws § 28–8–1. In the Court's view, this cause of action most closely parallels the federal claim advanced in this case, as these actions would seek essentially the same relief: judicial enforcement of an employer's contractual obligations under a collective bargaining agreement. Therefore, it is this cause of action, and not any cause of action set forth in the wage payment law, that is most analogous to an ERISA claim to recover delinquent employer contributions.

As such, the Court will adopt the statute of limitations applicable to claims under § 28–8–1 for plaintiffs' ERISA claim. As no limitations period is specially provided for a claim under § 28–8–1,[14] the ten-year statute of limitations found in § 9–1–13(a) governs this cause of action. Finally, because this ten-year limitations period "fully protects Congress's policy of ensuring that ERISA plans are adequately funded," the Court reaffirms its conclusion that R.I.Gen.Laws § 9–1–13(a) provides the statute of limitations applicable to actions for the recovery of delinquent employer contributions under ERISA. *See Teamsters Local 251,* 689 F.Supp. at 51.

### IV. Conclusion

For the foregoing reasons, the Court concludes that the ten-year statute of limitations of R.I.Gen.Laws § 9–1–13(a) governs the present case. As plaintiffs filed their claims well within this limitations period, the statute of limitations poses no bar to this action. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

It is so ordered.

---

**14.** Section 28–8–1 does provide that "any action at law brought by the labor union for the benefit of the employees shall be subject to the provisions of §§ 9–1–15—9–1–24." The cited sections are the general provisions for tolling the statute of limitations, but do not provide a specific limitations period.